UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BANYAN COATESVILLE, LLC<br>225 N. Federal Highway, Suite 808<br>Pompano Beach, FL  33062 | CIVIL ACTION<br><br>NO. __2:25-cv-2702___ |
| and | **JURY TRIAL DEMANDED** |
| BTC INTERMEDIATE HOLDINGS, LLC<br>225 N. Federal Highway, Suite 808<br>Pompano Beach, FL 33062 | |
|     Plaintiffs<br>vs. | |
| ACTUS MANAGEMENT, LLC<br>104 South Wayne Avenue, Suite 371<br>Wayne, PA 19087 | |
| ACTUS HOLDINGS, LLC<br>104 South Wayne Avenue, Suite 371<br>Wayne, PA 19087 | |
| ACTUS HEALTHCARE PROPERTIES, LLC<br>104 South Wayne Avenue, Suite 371<br>Wayne, PA 19087 | |
| and | |
| SEAN McDOUGALL<br>104 South Wayne Avenue, Suite 371<br>Wayne, PA 19087<br>    Defendants | |

**CIVIL ACTION COMPLAINT**

Plaintiffs, Banyan Coatesville, LLC and BTC Intermediate Holdings, LLC (collectively "Plaintiffs"), by and through its undersigned attorneys, Fleck Eckert Klein McGarry LLC, hereby files this Complaint against Defendants, Actus Management, LLC,

Actus Holdings, LLC, Actus Healthcare Properties, LLC, and Sean McDougall, and in support thereof avers as follows:

## NATURE OF THE CASE

This case involves claims for damages arising from Defendants deliberate, deceptive, and fraudulent conduct associated with Plaintiff Banyan Coatesville's lease of a building located in Chester County, Pennsylvania. Defendants' deceptive acts set in motion a series of events that prevented Plaintiffs, after negotiating and signing a lease, from taking possession of the building, which was slated to become a clean and safe facility for substance abuse and mental health patients. Not only did Defendants' wrongful actions cause damages to Plaintiffs but also caused third parties to leave their current jobs for jobs they thought were waiting for them at the new facility. When Defendants' deception was uncovered, however, it became apparent that Plaintiffs signed a meaningless lease, prospective employees who quit their jobs were left with no job, and needy patients were prevented from seeking treatment at the facility Plaintiffs planned on using to help them in their recovery. This fraud was orchestrated by Defendant McDougall, who falsely represented to Plaintiffs that he was acting as an authorized agent and landlord for the owner of the building. Defendant McDougall, as it turns out, had no such authority to act on behalf of the owner. As a result of Defendants' wrongful acts, Plaintiffs have suffered substantial financial harm and seek all appropriate legal and equitable relief.

2

## JURISIDICTION AND VENUE

1. This Court has original jurisdiction of this action pursuant to 28 U.S.C. §1332(a)(1), as this matter involves a controversy between citizens of different states and the amount in controversy exceeds the sum $75,000, exclusive of interest and costs.

2. This Court has personal jurisdiction over Defendants because the building involved here is in Chester County, Pennsylvania and the transactions among the parties that gave rise to this lawsuit took place in *inter alia* Chester and Delaware Counties, PA. In addition, this Court has personal jurisdiction over Defendants because Defendants regularly conduct business in, and have continuous and systematic contacts with, the Commonwealth of Pennsylvania.

3. Venue is proper in this District pursuant to 28 U.S.C. §1391(a)(2), as a substantial part of the events or omissions giving rise to the claims complained of herein occurred in this District.

## PARTIES

4. Plaintiff Banyan Coatesville, LLC is a Delaware limited liability company with a business address of 225 N. Federal Highway, Pompano Beach, FL 33062.

5. Plaintiff BTC Intermediate Holdings, LLC is a Delaware limited liability company with a business address of 225 N. Federal Highway, Pompano Beach, FL 33062.

6. BTC Intermediate Holdings, LLC is the sole member of Banyan Coatesville, LLC, and all members associated with BTC Intermediate Holdings, LLC are citizens of Delaware. Thus, Plaintiffs and their constituent members are all citizens of Delaware.

7. Defendant Actus Management, LLC is a Pennsylvania limited liability company with a registered business address of 104 South Wayne Ave., Suite 371, Wayne, PA 19087.

8. Defendant Actus Holdings, LLC is a Pennsylvania limited liability company with a registered business address of 104 South Wayne Ave., Suite 371, Wayne, PA 19087.

9. Defendant Actus Healthcare Properties, LLC is a Pennsylvania limited liability company with a registered business address of 104 South Wayne Ave., Suite 371, Wayne, PA 19087.

10. Upon information and belief, Defendants Actus Holdings, LLC and Actus Healthcare Properties, LLC, are affiliates of Defendant Actus Management, LLC.

11. Upon information and belief, Defendant Sean McDougall ("McDougall") is a member, manager, and/or officer of the above-referenced Actus entities and is a resident of Pennsylvania with a business address of 104 South Wayne Ave., Suite 371, Wayne, PA 19087.

## FACTUAL ALLEGATIONS

12. This case involves the lease – or purported lease – of a building on a portion of the real property located at the site of the former Brandywine Hospital, 219 Reeceville Road, Coatesville, Chester Couty, PA 19320, UPI 39-3-18.1A.

13. Plaintiffs provide rehabilitative and treatment services to individuals suffering from substance abuse or mental health disorders, and whose mission is to help

4

those struggling with substance abuse and addiction reach their goal of a healthy and productive sober life through an array of professional treatment services.

14. Given the tragic opioid crisis and the need for more substance abuse rehab centers and treatment facilities, Plaintiffs sought to establish a location in Southeast Pennsylvania.

15. Through a commercial real estate broker, Plaintiffs were introduced to Defendant McDougall who upon information and belief is principal in Defendant Actus Healthcare Properties, LLC.

16. Defendant Actus Healthcare Properties, LLC, through Defendant McDougall, represented that it was the landlord of the building and at all times acted as an authorized agent for the owner of the building to obtain a tenant.

17. On or around October 25, 2024, Defendant, Actus Holdings, LLC, signed a Letter of Intent to lease the building to Plaintiff Banyan Coatesville. Defendant McDougall signed the Letter of Intent on behalf of the purported landlord Defendant Actus Holdings, LLC, of which he is the managing member. A true and correct copy of the Letter of Intent is attached hereto as **Exhibit 1**.

18. After signing the Letter of Intent, Plaintiffs, through their representatives, and Defendant McDougall engaged in lease negotiations.

19. The lease negotiations took place over a period of several weeks and during this time, Defendant McDougall as putative landlord, was an active participant in the negotiations, seemingly to advocate for the owner of the building.

20. On or around December 18, 2024, Plaintiff Banyan Coatesville signed the lease regarding the building. A true and correct copy of the lease is attached hereto as **Exhibit 2.** Defendant McDougall signed the lease on behalf of the purported landlord Defendant Actus Healthcare Properties, LLC and/or Actus Behavioral Healthcare Properties LLC.[1] *See* **Exhibit 2** at page 25.

21. Plaintiff BTC Intermediate Holdings, LLC agreed to sign a Guarantee of Lease. *See* **Exhibit 2** at Exhibit D to the lease.

22. Plaintiff Banyan Coatesville planned to open the facility sometime in May 2025, after certain renovation work was performed to improve the building. The renovation work started in January 2025.

23. The renovation work was overseen by Defendant McDougall and all invoices or other payments associated with the work were paid by Plaintiffs to Defendant McDougall or the Actus Defendants.

24. After signing the lease in December 2024, in addition to paying for renovation work and improvements to the building, Plaintiffs also paid for *inter alia* utilities and taxes associated with the building.

25. In anticipation of opening the facility, Plaintiffs hired individuals to work at the new facility, some of whom gave notices of resignation to their employers.

---

[1] The Lease is signed in multiple places by Defendant McDougall on behalf of landlord Actus Healthcare Properties, LLC and "Actus Behavioral Healthcare Properties, LLC." See Exhibit 2 at page 25 and Lease Exhibits E and F. Plaintiffs, however, were unable to find any corporation known as Actus Behavioral Healthcare Properties, LLC.

26.     After signing the lease, paying for site improvements and other expenses, and hiring employees for the new facility, however, Plaintiffs learned that Defendant McDougall and the Defendant Actus entities were not in fact the landlord to the owner of the building and that they had no authority from the owner of the building to bind any tenant to a lease.

27.     Plaintiffs learned that the owner of the building was Coatesville MP RK6, LLC (the "Owner"), which upon information and belief is an entity associated with Remedy Medical Properties, the largest private owner of healthcare properties in the United States. A true and correct copy of the letter to Plaintiffs from the Owner's attorney dated April 30, 2025, is attached hereto as **Exhibit 3.**  The Owner instructed Defendants to cease and desist from entering the building and the land. *See* **Exhibit 3**.

28.     Upon information and belief, the Owner has a ground lease with Tower Health.

29.     Upon information and belief, the Owner never authorized any of the Defendants to act as its agent in any way regarding the building, including acting as its agent in leasing the building to any prospective tenant and/or overseeing the renovation of the building.

30.     To date, Plaintiffs have paid Defendants $386,146.00 in lease payments, tenant improvements, operating expenses, and utilities.

31.     Not only have Plaintiffs incurred these expenditures under a lease that is now seemingly null and void, but Plaintiffs have no facility for a rehabilitation center and its damages continue to mount as it seeks another location for said facility.

## COUNT I – FRAUD

32. Plaintiffs incorporate the foregoing paragraphs by reference as if fully set forth herein.

33. At all times material to this Complaint, Defendant McDougall knowingly, intentionally, and fraudulently misrepresented to Plaintiffs a material fact: that is, that he and/or the Actus Defendants were the landlord of the building in question and had authority from the Owner to bind a tenant to a lease and oversee renovation work being performed on Plaintiffs' behalf.

34. Defendant McDougall knew at the time he made these representations that they were false, misleading, deceptive, and fraudulent.

35. At all times material to this Complaint, Defendant McDougall and the Actus Defendants intended for Plaintiffs to rely on these misrepresentations and omissions, and Plaintiffs justifiably relied on them to their great detriment and loss.

36. As a direct and proximate result of Defendants' deceptive and fraudulent actions and omissions, Plaintiffs have to date incurred damages in the amount of $386,146.00.

37. Plaintiffs, furthermore, still have no facility for its business and will continue to suffer economic injuries into the future as a direct and proximate result of Defendants' fraudulent misrepresentations and omissions.

WHEREFORE, Plaintiffs demand judgment in its favor and against Defendants in the amount in excess of $75,000, together with pre-and post-judgment interests,

attorneys' fees, costs of suit, all damages caused by Defendants' actions, including punitive damages, and such other and further relief as this Court deems fit.

## COUNT II – NEGLIGENT MISREPRESENTATION

38. Plaintiffs incorporate the foregoing paragraphs by reference as if fully set forth herein.

39. At all times material to this Complaint, Defendant McDougall and the Actus Defendants misrepresented to Plaintiffs a material fact: that is, that he and the Actus Defendants were the landlord of the building in question and had authority from the Owner to bind a tenant to a lease and oversee renovation work being performed on Plaintiffs' behalf.

40. These misrepresentations were material, made without reasonable care during a business transaction in which there was a pecuniary interest, and made with the intent that Plaintiffs would rely on those misrepresentations.

41. Plaintiffs justifiably relied on Defendants' misrepresentations.

42. As a direct and proximate result of the misrepresentations of Defendant McDougall and the Actus Defendants, Plaintiffs have to date incurred damages in the amount of $386,146.00.

43. Plaintiffs, furthermore, still have no facility for its business and will continue to suffer economic injuries into the future as a direct and proximate result of Defendants' misrepresentations and omissions.

WHEREFORE, Plaintiffs demand judgment in its favor and against Defendants in the amount in excess of $75,000, together with pre-and post-judgment interests,

attorneys' fees, costs of suit, all damages caused by Defendants' actions, including punitive damages, and such other and further relief as this Court deems fit.

## COUNT III – FRAUD IN THE INDUCEMENT

44. Plaintiffs incorporate the foregoing paragraphs by reference as if fully set forth herein.

45. At all times material to this Complaint, Defendant McDougall knowingly, intentionally, and fraudulently misrepresented to Plaintiffs a material fact: that is, that he and the Actus Defendants were the landlord of the building in question and had authority from the Owner to bind a tenant to a lease and oversee renovation work being performed on Plaintiffs' behalf.

46. Defendant McDougall knew at the time he made these representations that they were false, misleading, deceptive, and fraudulent.

47. At all times material to this Complaint, Defendant McDougall and the Actus Defendants intended for Plaintiffs to rely on these misrepresentations and omissions and were made to induce Plaintiffs to enter into the lease, and Plaintiffs justifiably relied on the misrepresentations to their great detriment and loss.

48. As a direct and proximate result of Defendants' deceptive and fraudulent actions and omissions, Plaintiffs entered into the lease and to date have incurred damages in the amount of $386,146.00.

49. Plaintiffs, furthermore, still have no facility for its business and will continue to suffer economic injuries into the future as a direct and proximate result of

Defendants' fraudulent misrepresentations and omissions in inducing Plaintiffs to enter into the lease.

WHEREFORE, Plaintiffs demand judgment in its favor and against Defendants in the amount in excess of $75,000, together with pre-and post-judgment interests, attorneys' fees, costs of suit, all damages caused by Defendants' actions, including punitive damages, and such other and further relief as this Court deems fit.

### COUNT IV – BREACH OF CONTRACT (pled in the alternative)

50. Plaintiffs incorporate the foregoing paragraphs by reference as if fully set forth herein.

51. The lease is a contract that is valid and enforceable by Plaintiffs. *See* **Exhibit 2**.

52. Under the lease, Defendants promised to lease and provide possessory interest in the building to Plaintiffs.

53. Defendants also promised under the lease to perform certain renovation work in the building for the benefit of Plaintiffs, said work which was paid for by Plaintiffs.

54. Pursuant to the lease, Plaintiffs made payments under the lease for occupancy of the building and for renovation work to the building, yet Defendants have refused to provide possessory interest in the building to Plaintiffs.

55. As a direct and proximate result of Defendants' breach of the lease, Plaintiffs have suffered damages in the amount of $386,146.00, said amount does not

include damages to Plaintiffs for its continued search for a location suitable to house the facility originally planned for under the lease.

WHEREFORE, Plaintiffs demand judgment in its favor and against Defendants in the amount in excess of $75,000, together with pre-and post-judgment interests, attorneys' fees, costs of suit, all damages caused by Defendants' actions, including compensatory, consequential, and actual damages for all losses flowing from Defendants' breach and actions, and such other and further relief as this Court deems fit.

## COUNT V – UNJUST ENRICHMENT

56. Plaintiffs incorporate the foregoing paragraphs by reference as if fully set forth herein.

57. Plaintiffs conferred a benefit upon Defendants, including payments under the lease for occupancy of the building and for renovation work to the building, yet Defendants have refused to provide possessory interest in the building to Plaintiffs.

58. Defendants appreciated and accepted the benefits conferred by Plaintiffs.

59. Defendants retained the benefits conferred by Plaintiffs without satisfying their obligations under the lease, including but not limited to providing possessory interest in the building.

60. Under the circumstances, it would be unjust and inequitable for Defendants to retain the benefits conferred without any benefit to Plaintiffs.

61. Plaintiffs are entitled to restitution of all economic benefit conferred upon Defendants, in the amount of $386,146.

WHEREFORE, Plaintiffs demand judgment in its favor and against Defendants in the amount in excess of $75,000, together with pre-and post-judgment interests, attorneys' fees, costs of suit, all damages caused by Defendants' actions, and such other and further relief as this Court deems fit.

**FLECK ECKERT KLEIN MCGARRY LLC**

DATE: May 28, 2025        BY:    */s/ William J. McDonough*
Sigmund J. Fleck, Esquire
William J. McDonough, Esquire
222 N. Walnut Street, First Floor
West Chester, PA 19380
Phone: 484-402-7802
Facsimile: 484-402-7740
Email: sfleck@fekmlaw.com
Email: wmcdonough@fekmlaw.com
Attorneys for Plaintiffs